**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-MC-00056-DAR |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| JAY A. BLUM, | ) | JENNIFER DOWDELL |
| | ) | ARMSTRONG |
| Respondent. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

## I.      INTRODUCTION

Respondent Jay A. Blum ("Mr. Blum") filed a motion pursuant to Federal Rules of

Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6) to dismiss the petition of the United States

of America ("Petitioner"), on behalf of the Internal Revenue Service ("IRS"), seeking to

enforce an IRS summons issued to Mr. Blum and Sheri M. Stein-Blum.[1] For the reasons set

forth below, I RECOMMEND that the Court DENY Mr. Blum's motion in its entirety.

## II.     PROCEDURAL HISTORY

On August 5, 2022, IRS Revenue Agent Charisma G. Taylor issued an IRS summons

pursuant to 26 U.S.C. § 7602 to Mr. Blum and Ms. Stein-Blum, directing them to appear

before her on September 2, 2022 to give testimony and to produce certain books and records

demanded in the summons. (ECF No. 1, Ex. 2). Ms. Taylor attests that she attempted to serve

the summons on Mr. Blum by personal service on August 5, 2022, but that he refused to

---

[1] Mr. Blum states that Ms. Stein-Blum passed away in September 2022. (ECF No. 5, PageID # 32).

1

accept the summons. (ECF No. 1, Ex. 1, ¶¶ 8-9). Accordingly, Ms. Taylor left a copy of the summons at the front door of Mr. Blum's residence. *Id*. at ¶ 9.

Mr. Blum failed to appear in response to the summons. *Id*. at ¶ 11. On December 6, 2022, Petitioner filed a petition to enforce the IRS summons. (ECF No. 1). On January 26, 2023, District Judge David A. Ruiz referred this matter to me for the purpose of conducting a show cause hearing. (*See* ECF non-document entry dated January 26, 2023). On January 30, 2023, I issued an order to show cause, requiring Mr. Blum to appear before me on March 23, 2023 to show why he should not be required to comply with the summons. (ECF No. 2).

On March 14, 2023, Mr. Blum filed a motion to dismiss the petition pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). (ECF No. 5). On March 22, 2023, District Judge Ruiz referred Mr. Blum's motion to me for preparation of a report and recommendation. (ECF No. 7). On March 22, 2023, I entered an order continuing the show cause hearing in light of Mr. Blum's motion. (*See* ECF non-document entry dated March 22, 2023). I also invited the parties to submit additional briefing regarding the issues Mr. Blum raised in his motion. *Id*. Petitioner submitted a supplemental brief, while Mr. Blum did not file a supplemental brief by the date set forth in my order. The motion is now ripe for decision.

III.    **LAW & ANALYSIS**

   A.    **Legal Standards Governing Motions to Dismiss**

"Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) address departures from the proper procedures for serving a summons and complaint and the contents of the former." *Caimona v. Ohio Civil Serv. Employees Ass'n*, No. 4:18CV785, 2018 WL 6386023, at *4 (N.D. Ohio Dec. 6, 2018). Rule 12(b)(4) provides that a defendant may move to dismiss for

2

Case: 1:22-mc-00056-DAR  Doc #: 11  Filed:  05/19/23  3 of 13.  PageID #: 107

insufficient process. Fed. R. Civ. P. 12(b)(4). "A Rule 12(b)(4) motion concerns the form of process rather than the manner or method of service . . . [and] is proper only to challenge non-compliance with the provisions of Rule 4." *Garcia v. Rushing*, No. 4:11CV00734, 2012 WL 646061, at *1 (N.D. Ohio Feb. 22, 2012) (citation omitted).

Rule 12(b)(5) provides that a defendant may move to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). "A Rule 12(b)(5) motion challenges the mode of serving the summons and complaint." *Garcia*, 2012 WL 646061 at *1 (citing *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521-21 (6th Cir. 2006)). When a defendant brings a motion under Rule 12(b)(4) or 12(b)(5), "it is the plaintiff who is burdened to establish he properly effected service." *Munson v. United States*, No. 1:11-MC-0098, 2013 WL 2151777, at *2 (N.D. Ohio May 16, 2013).

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion brought pursuant to Rule 12(b)(6), "the Court accepts Plaintiff's factual allegation as true and construes the Complaint in the light most favorable to Plaintiff." *Baskin v. United States*, No. 1:22-CV-00124, 2022 WL 19558028, at *5 (N.D. Ohio Nov. 3, 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B.   Legal Standards Governing IRS Summonses

Congress has "endowed the IRS with expansive information-gathering authority." *United States v. Arthur Young & Co.*, 465 U.S. 805, 816 (1984). The "centerpiece" of that authority is 26 U.S.C. § 7602(a). *Id*. That provision authorizes the Secretary of the IRS to

summon a person liable for tax "[f]or the purpose of ascertaining the correctness of any return

. . . determining the liability of any person for any internal revenue tax . . . or collecting any

such liability." Among other things, Section 7602(a) authorizes the Secretary to summon the

person liable for tax to appear before the Secretary and produce books, papers, records, or

other data, and to give testimony under oath, as may be relevant or material to the inquiry. 26

U.S.C. § 7602(a)(1)-(3). The Supreme Court has held that Section 7602 memorializes "a

congressional policy choice *in favor of disclosure* of all information relevant to a legitimate

IRS inquiry." *Arthur Young*, 465 U.S. at 816. The purpose of the statute "is not to accuse, but

to inquire." *United States v. Bisceglia*, 420 U.S. 141, 146 (1975).

26 U.S.C. § 7603(a) provides that a summons issued under Section 7602 "shall be

served by the Secretary, by an attested copy delivered in hand to the person to whom it is

directed, or left at his last and usual place of abode; and the certificate of service signed by

the person serving the summons shall be evidence of the facts it states on the hearing of an

application for the enforcement of the summons."

Pursuant to 26 U.S.C. § 7604(b), the Secretary of the IRS may apply to a district judge

or magistrate judge in the district where the summoned person resides to enforce the

summons. A proceeding to enforce a summons is summary in nature. *See United States v.

Will*, 671 F.2d 963, 968 (6th Cir. 1982). In *United States v. Powell*, 379 U.S. 48 (1964), the

Supreme Court set forth a four-factor test that the government must meet to establish a prima

facie case for enforcement. In particular, the government must demonstrate that (1) the

investigation has a legitimate purpose; (2) the information is relevant to that purpose; (3) the

requested documents are not already in the IRS's possession; and (4) the procedural steps

required under the tax code have been followed. *Id*. at 57-58. "The requisite showing is

generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement." *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th Cir. 2006).

"Once the government has made this prima facie showing, the burden shifts to the party being summoned to either disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process." *Monumental Life*, 440 F.3d at 733 (citing *United States v. Davis*, 636 F.2d 1028, 1034 (5th Cir. 1981)). The burden on the party being summoned is "a heavy one." *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996).

## C.  Analysis

Mr. Blum argues that the petition, summons, and order to show cause are deficient on a variety of procedural and substantive grounds and must be dismissed. As a general matter, Mr. Blum's arguments are conclusory and without citation to relevant authority or supporting evidence. Mr. Blum's motion to dismiss can potentially be denied in its entirety on that basis alone. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). In an abundance of caution, however, I address each of Mr. Blum's arguments on the merits and conclude that those arguments are unavailing.

### *1)  12(b)(4) Motion to Dismiss for Insufficient Process[2]*

Mr. Blum argues that the petition should be dismissed because of various alleged defects in the petition, the summons, and the order to show cause. Mr. Blum first argues that the summons and order to show cause are improper because Ms. Taylor works for the Large Business & International Division of the IRS, which, Mr. Blum claims, does not have jurisdiction over individual taxpayers. Mr. Blum cites no law for the proposition that IRS agents are limited to issuing summonses relating to their own department, and case law is to the contrary. *See United States v. Plemons*, No. 3:05-CV-282, 2005 WL 3817683, at *3 (E.D. Tenn. Dec. 1, 2005) ("The court agrees with the government that revenue officers . . . regardless of the particular IRS division to which they have been assigned, are authorized by law to issue and serve summonses").

Mr. Blum also argues that the order to show cause is invalid because it contains an electronic signature rather than a wet signature, lacks a "court seal," and does not contain a "received by date" from the court clerk. Mr. Blum cites no authority supporting his contention that a wet signature, a court seal, or a received-by date are required, let alone that their absence invalidates the order to show cause. *See United States v. Melick*, 959 F. Supp. 2d 193, 198-99 (D.N.H. 2011) ("Although a court-issued summons would have the court seal and signature of the clerk of court, that was neither necessary nor required for purposes of the show cause order that was issued in this case.") (citation omitted).

Mr. Blum further argues that the order to show cause violates 10 CFR § 2.304(d) and 29 CFR § 2200.70. Section 2.304(d) is a regulation applicable to the U.S. Nuclear Regulatory

---

[2] In his motion, Mr. Blum fails to specify which arguments are being raised under which provision of Rule 12. I have endeavored to address each of Mr. Blum's arguments under the Rule 12(b) provision that appears most applicable to that argument.

Commission, while Section 2200.70 is a regulation applicable to the Occupational Safety and Health Administration. Neither has any relevance here. Accordingly, I recommend that the Court DENY Mr. Blum's motion to dismiss pursuant to Rule 12(b)(4).

### 2) *12(b)(5) Motion to Dismiss for Insufficient Service of Process*

Mr. Blum argues that the petition should be dismissed pursuant to 12(b)(5) because the IRS failed to comply with Rule 4 when it served him with the administrative summons on August 5, 2022. Courts have repeatedly held, however, that Rule 4 does not apply to service of an IRS summons, which is instead governed by 26 U.S.C. § 7603. *See Oesterling v. Tennison*, No. S-00-0212, 2000 WL 33181799, at *3 (E.D. Cal. Dec. 26, 2000) (holding that Rule 4 "is inapplicable to service of process of an IRS summons"); *Gaunt v. Internal Revenue Serv.*, No. 4:MC-96-0022, 1996 WL 376341, at *2 (M.D. Pa. May 1, 1996) ("The means of service of a summons under § 7602 is set forth in 26 U.S.C. § 7603, and Rule 4 is inapplicable").

Section 7603 provides that the Secretary may serve a summons "by an attested copy delivered in hand to the person to whom it is directed, *or left at his last and usual place of abode* . . . ." 26 U.S.C. § 7603(a) (emphasis added). Section 7603(a) further provides that a certificate of service "signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for enforcement of the summons."

Along with the Petition, Petitioner included a sworn affidavit from Ms. Taylor, attesting that she left the IRS summons at the front door of Mr. Blum's abode after Mr. Blum refused to accept personal service of the summons. (ECF No. 1, Ex. 1, ¶ 9). Mr. Blum has not put forth any evidence disputing Ms. Taylor's sworn assertions. Petitioner's service of the IRS summons therefore complied with the requirements of Section 7603, and Mr. Blum's argument that the IRS failed to properly serve the summons is without merit.

Also without merit is Mr. Blum's argument that Petitioner did not properly serve him with the petition or the order to show cause. Mr. Blum asserts that Petitioner "fail[ed] to provide proof of mailing, proof of delivery, or a Certificate of Service" showing that he received the petition or the order to show cause. (ECF No. 5, PageID # 27-28). However, on March 1, 2023, Petitioner filed a certificate of service, in which Ms. Taylor stated that she personally served Mr. Blum with both the petition and the order to show cause at his home on February 17, 2023. (ECF No. 3). Personal service satisfies Rule 4. *See* Fed. R. Civ. P. 4(e) (providing that an individual may be served by delivering a copy of the summons and complaint to the individual personally). Mr. Blum has failed to come forth with any evidence disputing that Petitioner served him with both the petition and the order to show cause in accordance with the requirements of Rule 4. Accordingly, I  recommend that the Court DENY Mr. Blum's motion to dismiss for insufficient service of process pursuant to Rule 12(b)(5).

### 3)  Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

I also reject Mr. Blum's argument that dismissal is warranted under Rule 12(b)(6). Mr. Blum makes the conclusory, one-sentence argument that Petitioner "has failed to state a claim." (ECF No. 5, PageID 27). Mr. Blum does not expand on that statement and does not discuss the analytical framework the Supreme Court set forth in *Powell*.

I nonetheless conclude after careful consideration that Petitioner has satisfied each of the *Powell* factors. Specifically, Ms. Taylor has attested that: (1) the IRS is conducting the investigation for the legitimate purpose of investigating the tax liability of Mr. Blum and Ms. Stein-Blum for the tax years ending December 31, 2019 and December 31, 2020; (2) the requested documents are relevant to that inquiry; (3) the requested materials are not already in the possession of the IRS; and (4) Petitioner has complied with the requirements of Section 7603. (ECF No. 1, Ex. 1). Petitioner has thus established a *prima facie* case for enforcement

8

of the summons.

Because Petitioner has made a *prima facie* case, the burden shifts to Mr. Blum to disprove those elements or demonstrate that judicial enforcement of the summons would constitute an abuse of process. *See Monumental Life*, 440 F.3d at 733. Mr. Blum has not satisfied that burden. He does not argue that Petitioner is conducting the investigation for an illegitimate purpose, that the requested documents are irrelevant, or that any of the requested materials are already in the IRS's possession. And, while Mr. Blum does argue that Petitioner has failed to properly serve him with the summons, that argument fails for the reasons discussed above.

Mr. Blum also argues that the IRS's subpoena is overly broad. "A summons is overbroad if it does not advise the summonsed party what is required of him such that he cannot respond adequately." *Phillips v. United States*, 178 F.3d 1295, 1999 WL 228585, at *3 (6th Cir. Mar. 10, 1999) (unpub.). A summons is not overbroad where the documents it seeks are "narrowly identified and clearly relevant to determine the tax liability" of the recipient. *Middleton v. United States*, 609 F. Supp. 1045, 1048 (N.D. Ohio 1985).

The summons here seeks various categories of documents regarding the expenses and charitable contributions of Mr. Blum and Ms. Stein-Blum, as well as financial documents regarding certain businesses and foundations relating to Mr. Blum and Ms. Stein-Blum. (ECF No. 1, Ex. 2). The requested documents are specifically identified and limited to the 2019 and 2020 tax years that Petitioner states it is investigating. *Id*. Moreover, while Mr. Blum argues that the summons seeks information that does not exist, he does not provide any detail regarding the categories of documents that do not exist. Nor does he explain why the non-existence of some of the information requested renders the subpoena overbroad.

Mr. Blum further argues that the summons is overly broad because it requests information regarding three legal entities that, according to Mr. Blum, are not d/b/as of Mr. Blum or Ms. Stein-Blum, and because it improperly lists the Blum Family Foundation as a d/b/a of Mr. Blum and Ms. Stein-Blum. However, Ms. Taylor avers that Petitioner is investigating whether Mr. Blum can substantiate the items he and Ms. Stein-Blum claimed as business expenses; whether income was received by Mr. Blum and Ms. Stein-Blum or the Blum Family Foundation; and whether the IRS ever recognized the Blum Family Foundation as exempt from Federal income taxes. (ECF No. 1, Ex. 1, ¶ 4). I conclude that the requested documents are relevant to the IRS's inquiry.

Mr. Blum next argues that the petition should be dismissed because Petitioner has included his unredacted home address in violation of his right to privacy as embodied in the Ninth Amendment and the Privacy Act, 5 U.S.C. § 552a. Mr. Blum does not cite any authority for the proposition that a summons should be quashed under the Ninth Amendment if the government includes a respondent's unredacted home address in its filings. As Petitioner correctly notes, the Sixth Circuit has held that Constitution "does not encompass a general right to nondisclosure of private information." *J.P. v. DeSanti*, 653 F.2d 1080, 1090 (6th Cir. 1981). And while Federal Rule of Civil Procedure 5.2 and Local Rule 8.1 require litigants to redact certain personal information before filing, neither includes home addresses in the information that must be redacted. Moreover, "IRS non-compliance with the Privacy Act does not provide a basis for quashing [a] summons." *Esposito v. United States*, No. 1:98-CV-2802, 1999 WL 444547, at *1 (N.D. Ohio Apr. 29, 1999); *see also Cyprus Funds v. United States*, No. 5:98-CV-1997, 1999 WL 358729, at *3 n.5 (N.D. Ohio Apr. 20, 1999) (stating that compliance with the Privacy Act is not a prerequisite for enforcement of an IRS summons)

(citing *United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983)).[3]

Mr. Blum further argues that the summons violates his Fifth Amendment right against self-incrimination. Fifth Amendment protection can extend to refusal to produce documents in response to an IRS summons. *See United States v. Dean*, 23 F. App'x 448, 450 (6th Cir. 2001). "Before a respondent may successfully assert the Fifth Amendment privilege to justify resisting an IRS summons, however, the prospect of criminal prosecution must be more than 'trifling or imaginary.'" *United States v. Snow*, No. 2:14-CV-287, 2015 WL 914691, at *3 (E.D. Tenn. Mar. 3, 2015). A respondent's Fifth Amendment argument fails where the IRS "did not issue the summons for an improper purpose, the IRS has not opened a criminal investigation, and the IRS has not abandoned its civil investigation." *Id*.; *see also United States v. Fritz*, 567 F. Supp. 481, 483 (N.D. Ohio 1983) (holding that issuance of IRS summons did not violate Fifth Amendment where recipients did not demonstrate that they were objects of a criminal inquiry or that summonses were not issued in good faith). Ms. Taylor avers that the IRS has not recommended a criminal prosecution or referred the case to the United States Department of Justice. (ECF No. 1, Ex. 1, ¶ 16).

In addition, a Fifth Amendment privilege based on an "act of production" "applies only on a document-by-document basis." *Dean*, 23 F. App'x at 450. "A respondent may not invoke the Fifth Amendment with only a general blanket assertion of Fifth Amendment privilege and without objection to a specific document." *Snow*, 2015 WL 914691 at *3. Mr. Blum has not identified any particular documents the production of which would potentially

---

[3] Mr. Blum does not expressly reference the Fourth Amendment in his motion to dismiss. To the extent his motion can be construed as raising a Fourth Amendment challenge, it fails. "It is well settled that the IRS need not establish probable cause in order to obtain enforcement of a summons." *Palmer v. United States*, No. 3:07-mc-23, 2008 WL 183213, at *2 (E.D. Tenn. Jan. 17, 2008); *see also United States v. Snow*, No. 2:14-CV-287, 2015 WL 914691, at *2 (E.D. Tenn. Mar. 3, 2015) ("the Fourth Amendment has no application to an IRS summons enforcement action, because enforcement of the summons does not involve a search or seizure and probable cause is not required").

violate his Fifth Amendment rights, and thus has not carried his burden of establishing that the privilege applies. I recommend that the Court DENY Mr. Blum's motion to dismiss pursuant to Rule 12(b)(6).

## IV.      RECOMMENDATION

Based on the foregoing, I RECOMMEND that the Court DENY Mr. Blum's motion to dismiss in its entirety.

Dated: <u>May 19, 2023</u>                                     <u>*s/ Jennifer Dowdell Armstrong*</u>
                                                                                    Jennifer Dowdell Armstrong
                                                                                    U.S. Magistrate Judge

## V.      NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).